**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARYL ALAN HESS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-0603-CVE-SAJ |
| | ) | |
| **TULSA COUNTY SHERIFF'S OFFICE;** | ) | |
| **CORRECTIONAL HEALTH CARE** | ) | |
| **MANAGEMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

On October 8, 2008, Plaintiff, a prisoner appearing *pro se*, submitted for filing a "Written Notice of Tort Claim" (Dkt. # 1), indicating his intent to seek relief on various tort claims. The Clerk of Court opened this case as 42 U.S.C. § 1983 civil rights case based on the nature of Plaintiff's allegations. Thereafter, on October 15, 2008, Plaintiff submitted a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 3), prepared on the court-approved form, and a motion to proceed *in forma pauperis* (Dkt. # 4). The new complaint was docketed as an amended complaint, superseding the original complaint. For the reasons discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* should be granted. The amended complaint is, however, subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiff shall be afforded the opportunity to file a second amended complaint to cure the deficiencies identified herein.

**Motion to proceed *in forma pauperis***

After reviewing Plaintiff's motion to proceed *in forma pauperis*, the Court concludes that Plaintiff is without funds in his institutional account(s) sufficient to prepay in full the filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion for leave to proceed *in forma pauperis* shall be

granted. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Within thirty (30) days of the entry of this Order, Plaintiff shall pay an initial partial filing fee of **$11.00** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate account for the period immediately preceding the filing of the complaint. See 28 U.S.C. §1915(b). Plaintiff is advised that unless by the date specified below he has either (1) paid the initial partial filing fee, or (2) shown cause in writing for the failure to pay, this action will be dismissed without prejudice to refiling.

After payment of the initial partial filing fee, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The Court will enter a separate order directing the agency having custody of Plaintiff to collect, when Plaintiff's prison account(s) exceeds $10, and forward such monthly payments to the Clerk of the Court until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that monthly payments will be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**Background**

Plaintiff's claims relate to treatment he has received while in custody at the David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail ("TCJ"). In the amended complaint (Dkt. # 3), he identifies two (2) defendants, the Tulsa County Sheriff's Office and Correctional Health Care Management. In the "Nature of Case" section of the amended complaint, Plaintiff writes the following: "Dr. Tyree Seals assulted [sic] me, tried to psyically [sic] batter me, Dr. Seals reused to treat me, Dr. Seals ordered L.P.N.s to perform surgery on me, which was done. Health Administration and Sheriff's Office condoned this, other nurses assulted [sic] me, Sheriff's Office would not allow me to file a complaint with them." (Dkt. # 3). Based on those facts, he asserts five (5) claims, as follows:

    Count I:      Malpractice by Nurse Joy Smith L.P.N., Nurse Harmony L.P.N., Doctor Tyree Seals.

    Count II:     Assult [sic] by Dr. Tyree Seals.

    Count III:    Breach of duty.

    Count IV:    Violation of right to file complaint with law enforcement.

    Count V:     Health and safety violations.

(Dkt. # 3). Plaintiff has provided factual allegations in support of each claim. As his request for relief, Plaintiff asks for "four thousand dollars from Tulsa County Sheriff's Office, plus court costs and fees, four thousand dollars from Correctional Health Care Management." Id.

**Analysis**

**A. Screening and standards for dismissal**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines, 404 U.S. at 520. Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's *pro se* amended complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that for the reasons discussed in more detail below, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may

4

be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), the amended complaint is subject to dismissal. However, Plaintiff shall be afforded the opportunity to file a second amended complaint to clarify his claims and to cure the deficiencies identified herein.

**B. "Tulsa County Sheriff's Office" is not a proper defendant**

Plaintiff is advised that "Tulsa County Sheriff's Office" is not a proper defendant. While a county may be named as a defendant in a civil rights action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants in a § 1983 action. Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), *vacated on other grounds*, Tyus v. Martinez, 475 U.S. 1138 (1986); Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 826 (D. N.J. 1993). Therefore, should Plaintiff identify "Tulsa County Sheriff's Office" as a defendant in his second amended complaint, that defendant will be dismissed from this action.

**C. Plaintiff's claims**

*1. Inadequate medical care*

Counts I, III, and V all relate to the medical care provided to Plaintiff at TCJ. In Count I, Plaintiff alleges that Nurses Joy Smith and Harmony, along with Dr. Seals, committed malpractice in providing medical treatment for an ingrown toenail. In Count III, Plaintiff alleges that Dr. Seals breached his duty in refusing to treat him for an infected ingrown toenail, for a rash, for a clogged ear, and for a lump on his testicle. He also complains that Dr. Seals refused to examine him after Nurses Harmony and Kelly provided treatment for his toenail. In Count V, Plaintiff alleges that Nurses Joy Smith and Harmony were not qualified to provide treatment for his ingrown toenail, and provided treatment under unsanitary conditions.

As a preliminary matter, none of the individuals providing medical care to Plaintiff is named as a defendant in the amended complaint. Even if they were named as defendants, however, Plaintiff's complaint fails to state a claim. It is well-established that "[a] medical staff's deliberate indifference to serious medical needs of prisoners constitutes a violation of the Eighth Amendment." Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997) (quotation omitted). Where a plaintiff is a pretrial detainee, Eighth Amendment standards provide the benchmark for conditions of confinement claims, including claims of inadequate medical care. Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998). The deliberate indifference standard has two components:

> an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. With regard to the subjective component, allegations of inadvertent failure to provide adequate medical care or of a negligent diagnosis simply fail to establish the requisite culpable state of mind.

Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991) (citations and quotations omitted). Claims of medical negligence in a diagnosis or choice of therapy are not actionable under § 1983. See Green, 108 F.3d at 1303. Stated another way, "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999); see also Self v. Crum, 439 F.3d 1227 (10th Cir. 2006).

Plaintiff specifically states that the medical care he received at TCJ constitutes "malpractice." As explained above, that claim is not actionable under § 1983. Furthermore, Plaintiff's factual allegations indicate that he has received medical care for an ingrown toenail, but that he disagrees with the prescribed course of treatment. See Dkt. # 3. In Oxendine v. Kaplan, 241 F.3d 1272 (10th Cir. 2001), the Tenth Circuit observed that "a prisoner who merely disagrees with

6

a diagnosis or a prescribed course of treatment does not state a constitutional violation," id. at 1277 n. 7 (internal citations and quotation marks omitted), absent evidence the prison official "knew about and disregarded a 'substantial risk of harm' to [the prisoner's] health or safety." Id. at 1277. The Court further finds that an ingrown toenail is not sufficiently serious to satisfy the objective component of the deliberate indifference standard. See Snipes v. DeTella, 95 F.3d 586, 591-592 (7th Cir. 1996) (not giving an inmate a local anesthetic when removing his toenail is not sufficiently serious). In addition, Plaintiff has presented no facts suggesting that since his confinement at TCJ, his medical needs could not be met by first being seen by a nurse. Plaintiff has no right to demand attention by a physician based solely upon his opinion regarding what he requires. Without additional factual allegations, the Court finds that Plaintiff's claims of inadequate medical care, as asserted in Counts I, III, and V, fail to state a claim upon which relief may be granted.

### *2. Assault/Excessive use of force*

In Count II, Plaintiff alleges that Dr. Tyree Seals assaulted him. In support of this claim, Petitioner alleges that on April 17, 2008, Dr. Seals "attempted to psyically [sic] assult [sic] me with his fists while I was handcuffed behind my back. Dr. Seals threatened to do me harm and told me he would never treat me." See Dkt. # 3.

As a preliminary matter, the Court again notes that Dr. Seals is not named as a defendant in the amended complaint. Even if he were named as a defendant, however, Plaintiff's complaint fails to state a claim upon which relief may be granted. Pretrial detainees are protected from an "assault" constituting excessive force that amounts to punishment under the Due Process clause of the Fourteenth Amendment. Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989); Meade v. Grubbs, 841 F.2d 1512, 1526-27 (10th Cir. 1988). In the context of institutional management, it is helpful to

reference Eighth Amendment standards applicable to convicted persons. See Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997) (en banc). Whether force is excessive in violation of the Eighth Amendment depends upon the circumstances confronting the officer as well as the nature and amount of force applied in reaction. Whitley v. Albers, 475 U.S. 312, 321 (1986). Also relevant is the extent of any injury. Hudson v. McMillian, 503 U.S. 1, 9-11 (1992). Minor injury does not preclude an action for excessive force, but "de minimis uses of physical force" ordinarily will not support a claim. Id. at 9-10.

Plaintiff alleges only that Dr. Seals "attempted" to physically assault him and "threatened" to harm him. Those allegations do not rise to the level of constitutional violations. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979); see also Hulsey v. Texas, 929 F.2d 168, 172 (5th Cir. 1991) (stating mere threat insufficient to demonstrate significant injury needed to sustain excessive force claim). Plaintiff's allegation of excessive force is at best *de minimis* and does not rise to the level of a constitutional violation. Hudson, 503 U.S. at 9-10. For that reason, Count II is subject to dismissal for failure to state a claim.

### *3. Disagreement with grievance responses*

In Count IV, Plaintiff claims that defendants "violated his right to file complaint with law enforcement." See Dkt. # 3. Plaintiff claims that he submitted a grievance explaining the incident involving Dr. Seals and asking "to press charges" on Dr. Seals, as well as requesting treatment. The responding detention officer informed Plaintiff that "the situation had been resolved." Id. Plaintiff states he then submitted additional grievances regarding the same incident and has received responses informing him that "Dr. Seals acted in self-defense, and there was [sic] no charges to be filed." Id.

Nothing in this claim rises to the level of a constitutional violation. To the extent Plaintiff is dissatisfied with the responses to his grievances, he has failed to state a claim upon which relief may be granted. A prison official's failure, if any, to adequately respond to a prisoner's grievance does not implicate a constitutional right. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (official's failure to process inmates' grievances, without more, is not actionable under section 1983); Greer v. DeRobertis, 568 F.Supp. 1370, 1375 (N.D. Ill. 1983) (prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right); see also Shango v. Jurich, 681 F.2d 1091 (7th Cir. 1982) (a prison grievance procedure does not require the procedural protections envisioned by the Fourteenth Amendment). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley, 997 F.2d at 495 (quoting Azeez v. DeRobertis, 568 F.Supp. 8 (N.D. Ill. 1982)); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has no legitimate claim of entitlement to a grievance procedure). The Court concludes that Plaintiff may not base a § 1983 claim on allegations that jail officials have failed to respond to an inmate grievance adequately.

To the extent Plaintiff complains that no criminal charges have been filed against Dr. Seals, he has failed to state a claim upon which relief may be granted. Brown v. Grabowski, 922 F.2d 1097 (3d Cir. 1990) (failure to file criminal charges against individual who repeatedly threatened and assaulted former girlfriend does not form the basis of a valid § 1983 claim); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (noting that a private citizen has no cognizable right to insist on a

9

criminal prosecution); <u>Leeke v. Timmerman</u>, 454 U.S. 83, 85-87 (1981). Count IV is subject to dismissal for failure to state a claim.

## Conclusion

Because Plaintiff has failed to allege facts sufficient to withstand the screening process, this 42 U.S.C. § 1983 action is subject to dismissal for failure to state a claim upon which relief may be granted. However, should Plaintiff be able to cure the deficiencies identified herein, he may file a second amended complaint within thirty (30) days of the entry of this Order. Should Plaintiff fail to file a second amended complaint by the deadline specified below, this action will be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 4) is **granted**.

2. Within thirty (30) days of the entry of this Order, or by November 21, 2008, Plaintiff shall submit an initial partial payment of **$11.00**, or show cause in writing for his failure to do so.

3. By the above-referenced deadline, Plaintiff may file a second amended complaint to cure the deficiencies identified herein.

4. The Clerk of Court shall send Plaintiff a blank civil rights complaint (form PR-01), marked "second amended" and identified as Case No. 08-CV-603-CVE-SAJ.

5. Should Plaintiff fail to file a second amended complaint by the above-referenced deadline, this action will be dismissed for failure to state a claim.

**Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.**

**DATED** this 22nd day of October, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT