**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARYL ALAN HESS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08-CV-0603-CVE-TLW** |
| | ) | |
| **TULSA COUNTY SHERIFF'S OFFICE;** | ) | |
| **CORRECTIONAL HEALTH CARE** | ) | |
| **MANAGEMENT; TYREE SEALS, Dr.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action filed by Plaintiff, a prisoner appearing *pro se*.

By Order filed October 22, 2008 (Dkt. # 5), the Court granted Plaintiff's motion to proceed *in forma*

*pauperis* and directed him to submit, on or before November 21, 2008, an initial partial filing fee

of $11.00. The Court also directed Plaintiff to file a second amended complaint to cure deficiencies

in his pleading. See Dkt. # 5. On November 12, 2008, Plaintiff filed a second amended complaint

(Dkt. # 7). He also filed a response (Dkt. # 8) to the Court's Order requiring payment of a partial

filing fee, explaining that he was unable to submit the $11.00 payment due to a lack of funds. To

date, Plaintiff has failed to submit the partial payment as ordered by the Court and the deadline has

passed. As a result, this action is subject to dismissal. Furthermore, for the reasons discussed below,

the Court finds that the second amended complaint fails to state a claim upon which relief may be

granted and should be dismissed with prejudice. Plaintiff remains obligated to pay the full $350

filing fee as previously ordered.

## BACKGROUND

Plaintiff's claim arises from medical treatment he has received while in custody at the David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail ("TCJ").  In the second amended complaint (Dkt. # 7), he identifies two (2) defendants, Correctional Health Care Management and Tyree Seals, identified by Plaintiff as a medical doctor and director of Correctional Health Care Management.   In the "Nature of Case" section of the second amended complaint, Plaintiff writes the following: "Tyree Seals ordered Nurse Harmony to perform a surgical procedure to remove an ingrown toenail.  Harmony being an L.P.N. [is] not qualified to perform surgery. Harmony conducted surgery with no numbing solution, unsanitary surgical tools, in an unsanitary area. 'CHM' was notified and condoned the illegal actions." (Dkt. # 7). Based on those facts, he asserts one claim, a "violation of my Eighth Amendment." Id.  As his request for relief, Plaintiff asks for "nine thousand dollars from Correctional Health Care Management." Id.

## ANALYSIS

### A. Screening and standard for dismissal

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B).  Pro se pleadings must be liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

2

(2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff.  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).  Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally.  Haines, 404 U.S. at 520.  Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations.  Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's *pro se* second amended complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that for the reasons discussed in more detail below, Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 fails to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), the second amended complaint should be dismissed. As Plaintiff has already been provided the opportunity to amend his complaint to clarify his claims and to cure deficiencies, the Court finds that further opportunity to amend is futile. **B.  Plaintiff's claim of inadequate medical care**

It is well-established that "[a] medical staff's deliberate indifference to serious medical needs of prisoners constitutes a violation of the Eighth Amendment." Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997) (quotation omitted). Where a plaintiff is a pretrial detainee, Eighth Amendment standards provide the benchmark for conditions of confinement claims, including claims of inadequate medical care. Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998). The deliberate indifference standard has two components:

3

> an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. With regard to the subjective component, allegations of inadvertent failure to provide adequate medical care or of a negligent diagnosis simply fail to establish the requisite culpable state of mind.

Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991) (citations and quotations omitted). Claims of medical negligence in a diagnosis or choice of therapy are not actionable under § 1983. See Green, 108 F.3d at 1303. Stated another way, "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999); see also Self v. Crum, 439 F.3d 1227 (10th Cir. 2006). "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Oxendine v. Kaplan, 241 F.3d 1272, 1277 n.7 (10th Cir. 2001) (internal citations and quotation marks omitted).

Plaintiff has failed to allege facts sufficient to satisfy either component of the deliberate indifference standard. First, the Court finds that an ingrown toenail is not sufficiently serious to satisfy the objective component. See Snipes v. DeTella, 95 F.3d 586, 591-592 (7th Cir. 1996) (not giving an inmate a local anesthetic when removing his toenail is not sufficiently serious). In addition, Plaintiff has presented no facts suggesting that any named defendant acted with deliberate indifference. Plaintiff has been provided medical care for his ingrown toenail; he simply disagrees with the course of treatment provided. When the treatment provided at the facility did not alleviate the symptoms, Plaintiff states he "was taken to a specialist for treatment outside the facility."See Dkt. # 7, attachment. The Court finds that Plaintiff's claim of inadequate medical care, as asserted in the second amended complaint, does not state a constitutional violation and should be dismissed for failure to state a claim upon which relief may be granted. Because Plaintiff failed to cure

deficiencies despite being afforded an opportunity to amend his complaint, the Court further finds it would be futile to allow further amendment. The dismissal shall be with prejudice.

As a final matter, because Plaintiff has been granted leave to proceed *in forma pauperis* and his amended complaint fails to state a claim upon which relief may be granted resulting in dismissal under 28 U.S.C. § 1915(e)(2)(B), the dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      The second amended complaint (Dkt. # 7) fails to state a claim upon which relief may be granted.

2.      This action is **dismissed with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

3.      The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4.      Plaintiff remains obligated to pay the full $350 filing fee in monthly installments as previously ordered.

**DATED** this 27th day of April, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5